```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| LINDA VANDEUSEN, and ADVOCATES FOR DISABLED AMERICANS,<br>  Plaintiffs,<br><br>  v.<br><br>BORDENTOWN INVESTORS, LLC,<br><br>  Defendant. | Civil Action<br>No. 08-3207(NLH)<br><br><br>**OPINION** |

**APPEARANCES:**
ANTHONY J. BRADY, JR.
1 ROSE AVENUE
P.O. BOX 129
MAPLE SHADE, NJ 08052
*Attorney for Plaintiffs*

FRANCIS V. COOK
FOX ROTHSCHILD
997 LENOX DRIVE
BUILDING 3
LAWRENCEVILLE, NJ 08648
*Attorney for Defendant*

**HILLMAN, District Judge**

Before the Court is defendant's motion to dismiss plaintiff's complaint for failure to state a claim. For the reasons stated below, defendant's motion is denied without prejudice and plaintiff shall file an amended complaint within twenty (20) days.

### I.   JURISDICTION

Plaintiff Linda Vandeusen has alleged that she was discriminated against in violation of the Americans with Disabilities Act ("ADA") and, therefore, this Court exercises

subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

**II.   BACKGROUND**

Plaintiff Vandeusen alleges that she is disabled due to "dystonia musculorum deformans" a rare neuromuscular disease that impairs her ability to walk and use her legs.  She states that she is disabled under the ADA and the New Jersey Law Against Discrimination ("LAD") and uses a wheelchair and service dog.

Plaintiff Advocates for Disabled Americans ("AFDA")is a non-profit civil rights organization incorporated in New Jersey with offices in Camden County, New Jersey.  Its stated purpose is to enforce the rights of the disabled.

Plaintiff Vandeusen alleges that defendant discriminated against her by failing to provide proper accommodations at its strip mall in Bordentown, New Jersey ("Bordentown Mall").  She alleges that in October 2007, she visited defendant's strip mall and suffered harm while attempting to patronize the stores located at the mall due to physical barriers and unsafe conditions.  Particularly, she alleges that:

    1.   Parking spaces designated as accessible are not in fact accessible;

    2.   Parking spaces designated as accessible do not have clear and level access aisles;

    3.   There is no accessible route to and from all

>           public areas, spaces, elements and amenities at
>           the defendant's facilities; and
> 4.       There is no accessible route from all parking
>           spaces designated as accessible to the facilities.

Plaintiff states that she intends to visit the strip mall again in the near future but will be unable to do so because of her disability due to the physical barriers to access and unsafe conditions in violation of the ADA and LAD. Plaintiffs seek equitable relief directing defendant to alter the strip mall to comply with the law, or alternatively, to close the strip mall until it complies with the ADA and LAD.

Defendants seek to dismiss the AFDA's claims on the ground that it has no standing and seeks to dismiss plaintiff Vandeusen's request for injunctive relief because she has not met the necessary prerequisites for awarding preliminary injunctive relief.

**III.  DISCUSSION**

**A.  Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled

that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead

4

'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

### B.  AFDA's Standing

Standing is a threshold jurisdictional requirement based on the "case or controversy" language of Article III of the Constitution and, therefore, it is addressed at the outset.  Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997).  "At the pleading stage ... the plaintiff must allege facts sufficient to establish his standing to invoke the court's jurisdiction."  Clark v. McDonald's Corp., 213 F.R.D. 198, 205 (D.N.J. 2003) (citing FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990)). Defendant argues that the AFDA lacks standing to bring this action on its own behalf and on behalf of plaintiff Vandeusen.

The requirements for standing are clearly established and require the plaintiff to demonstrate:

> An "injury in fact"-an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; second, there be a causal connection between the injury and the conduct complained of-the injury has to be "fairly trace[able] to the challenged action of the defendant, and not ... the result [of] the independent action of some third party not before the court". Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

<u>Fair Housing Council of Suburban Philadelphia v. Montgomery Newspapers</u>, 141 F.3d 71, 74 (3d Cir. 1998) (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992)).

An organization may have standing to bring suit under two circumstances: (1) organizational standing - an organization may be granted "standing in its own right to seek judicial relief from injury to itself and to vindicate whatever rights and immunities the [organization or] association itself may enjoy[;]" or (2) associational standing - an association may assert claims on behalf of its members, but only where the record shows that the organization's individual members themselves have standing to bring those claims. <u>Pennsylvania Prison Soc. v. Cortes</u>, 508 F.3d 156, 162-63 (3d Cir. 2007) (citations omitted).

For associational standing, the organization "must demonstrate that '(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect

are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'"  Goode v. City of Philadelphia, 539 F.3d 311, 324 (3d Cir. 2008) (citing Pa. Psychiatric Soc'y v. Green Spring Health Servs., Inc., 280 F.3d 278, 283 (3d Cir. 2002), quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977)).

There are also other considerations that courts must address when deciding the issue of standing which are referred to as prudential limits on standing or "prudential standing."  The Supreme Court summarized these considerations as follows:

> Apart from [the] minimum constitutional mandate, this Court has recognized other limits.... First, the Court has held that when the asserted harm is a "generalized grievance" shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction. Second, even when the plaintiff has alleged injury sufficient to meet the "case or controversy" requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.

Warth v. Seldin, 422 U.S. 490, 499-500 (1975).  And lastly, the "plaintiff's grievance must arguably fall within the zone of interests protected or regulated by the statutory provision ... invoked in the suit."  Bennett v. Spear, 520 U.S. 154, 162

7

(1997).

In applying prudential standing principals, it is normally presumed that an enactment incorporates background prudential standing principles "unless expressly negated by Congress." Clark, 213 F.R.D. at 207. The Third Circuit has held that for ADA claims, prudential standing principals do not apply for organizational standing. See Addiction Specialists, Inc. v. Township of Hampton, 411 F.3d 399, 407 (3d Cir. 2005) (finding that the ADA enforcement provisions evidences a Congressional intent to extend standing to the full limits of Article III). Conversely, for associational standing the Third Circuit suggests that prudential standing principals do apply since the organization is not suing on its own behalf but only on behalf of its members. Id. at 406 (finding that "[i]n such cases of pure associational standing, an association is limited to relief that, 'if granted, will inure to the benefit of those members of the association actually injured.'") (citing Warth, 422 U.S. at 501). As stated by the Third Circuit, "[b]ecause the broad language of the ADA ... enforcement provisions evidences a Congressional intent to extend standing to the full limits of Article III, we hold that the prudential limits imposed in pure associational standing cases do not apply to [the organization's] claims asserted on its own behalf." Id. at 407.

With these principals in mind, we address AFDA's

standing to bring claims on behalf of itself and on behalf of its members.

### 1. Organizational Standing

The AFDA has merely alleged that it has standing to sue in its own right, i.e., organizational standing, but has alleged no facts in support of its claim. The Third Circuit has held "... that the pursuit of litigation alone cannot constitute an injury sufficient to establish standing under Article III." <u>Fair Housing Council of Suburban Philadelphia v. Montgomery Newspapers</u>, 141 F.3d 71, 80 (3d Cir. 1998) (finding that if the mere act of bringing a lawsuit created an "injury-in-fact" then Article III would present no real limitation). Here, AFDA has not alleged any facts that could show that they suffered an injury. <u>Cf.</u> <u>Addiction Specialists</u>, 411 F.3d at 407 (finding that organization asserted that it suffered injuries based on Township's alleged violations of its own rights under the ADA); <u>Clark,</u> 213 F.R.D. at 208 (finding that plaintiff organization alleged "frustration of mission" which was "something more" than just an allegation of litigation expenses).

Thus, AFDA has not alleged facts that could support a finding that it has organizational standing to sue in its own right.

9

### 2. Associational Standing

AFDA has also not properly plead facts that could support a finding that it has associational standing because it has not met the first prong of the Hunt test. See Access 4 All, Inc. v. ANI Associates, Inc., No. 04-6297 (RBK), 2007 WL 2793373, at *4 (D.N.J. Sept. 25, 2007) (finding associational standing where (1) member had standing to sue on his own behalf, (2) plaintiff organization's purpose of ensuring that all places of public accommodation were accessible for use by disabled individuals was germane to the interests it sought in lawsuit, and (3) neither claim nor relief requested required participation of individual members as the existing record established the status of the Hampton Inn, the various architectural barriers there, and the proposed modifications to the facility).

Here, AFDA has not alleged that Vandeusen is a member and has not demonstrated its members have standing to sue in their own right.[1]  Moreover, the AFDA also seeks damages which undermines any claim of associational standing.  Although "...[i]t is almost a bright-line rule 'that requests by an association for declaratory and injunctive relief do not require

---

[1] AFDA has met the second prong because the interest it seeks to protect in making the facilities at the Bordentown Mall are germane to its alleged purpose of to enforce the rights of the disabled.  With regard to the last prong, its request for injunctive relief satisfies this prong since it does not require the participation of its members.

10

participation by individual association members"... "damages claims usually require significant individual participation, which fatally undercuts a request for associational standing." Clark, 213 F.R.D. at 207 (citing Pennsylvania Psychiatric Society v. Green Spring Health Services, Inc., 280 F.3d 278, 284 (3d Cir. 2002)). Since a request for damages requires significant individual participation, it undercuts the third prong of the test for associational standing. See id.[2]

Thus, AFDA has not properly alleged either organizational or associational standing. Plaintiffs will be granted twenty (20) days to file an amended complaint alleging facts regarding AFDA's standing to bring claims under the ADA and LAD in its own right and on behalf of its members. See Disabled Patriots of America, Inc. v. City of Trenton, No. 07-3165(FLW), 2008 WL 4416459, at *8 (D.N.J. Sept. 24, 2008) (giving plaintiffs leave to file an amended complaint alleging facts relating to their standing).

### C. Vandeusen's Request for Injunctive Relief

Plaintiff Vandeusen seeks equitable relief directing the defendant to alter the facilities at Bordentown Mall or close

---

[2] AFDA has not alleged any facts suggesting an exception to this rule. See id. (stating that there may be an exception to the rule where an association seeks only nominal damages on behalf of its members without reference to their individual circumstances).

11

down the Mall until it complies with the ADA and LAD.  Defendant argues that her claim for injunctive relief should be dismissed because she has not satisfied the necessary prerequisites for granting a preliminary injunction.

Plaintiffs do not state that they are seeking a preliminary injunction, but rather appear to seek a permanent injunction against defendant in the form of equitable relief.  The standard for a preliminary injunction is different from the standard for a permanent injunction.  See American Civil Liberties Union of New Jersey v. Black Horse Pike, 84 F.3d 1471, 1477 (3d Cir. 1996) (stating that the standard for the granting of a preliminary injunction differs from the standard for granting a permanent injunction).  For a preliminary injunction, a plaintiff must demonstrate: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.  Id. at 1477 n.2. (citing Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994), quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)).

Conversely, a permanent injunction is decided after the plaintiff has succeeded on the merits.  Id. at 1477 n.3 ("In

deciding whether a permanent injunction should be issued, the court must determine if the plaintiff has actually succeeded on the merits (i.e. met its burden of proof).") (citing <u>CIBA-GEIGY Corp. v. Bolar Pharmaceutical Co., Inc.</u>, 747 F.2d 844, 850 (3d Cir. 1984)); <u>see also</u> <u>Stolt-Nielsen, S.A. v. U.S.</u>, 442 F.3d 177, 185 n.5 (3d Cir. 2006) (acknowledging some tension in the law between the standard for preliminary injunction and permanent injunction and comparing <u>Chao v. Rothermel</u>, 327 F.3d 223, 228 (3d Cir. 2003) ("stating that a permanent injunction may be granted 'where the moving party has demonstrated that: (1) the exercise of jurisdiction is appropriate; (2) the moving party has actually succeeded on the merits of its claim; and (3) the 'balance of equities' favors granting injunctive relief"), and <u>ACLU of N.J. v. Black Horse Pike Reg'l Bd. of Educ.</u>, 84 F.3d 1471, 1477 nn. 2-3 (3d Cir. 1996) (en banc) ("noting that a preliminary injunction requires consideration of, inter alia, irreparable injury, while a permanent injunction merely requires consideration of whether 'the plaintiff has actually succeeded on the merits,' and, if so, whether an injunction is an 'appropriate remedy'" (internal quotation marks omitted)), with <u>Shields v. Zuccarini</u>, 254 F.3d 476, 482 (3d Cir. 2001) ("stating that a court may grant a permanent injunction if it finds, inter alia, that 'the moving party will be irreparably injured by the denial of injunctive relief'").

Thus, defendant's argument that plaintiff Vandeusen's claim for preliminary injunctive relief is dismissed as moot as she has not requested such relief.[3]

### IV. **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is denied without prejudice.  Plaintiffs shall file an amended complaint in compliance with this Opinion within twenty (20) days of this Court's accompanying Order.


        s/Noel L. Hillman
     NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Dated: January 29, 2009

---

[3] Defendant in its reply brief concedes that it interpreted plaintiffs' complaint as a request for preliminary relief and acknowledges that if plaintiffs are not seeking such relief that their request for permanent injunctive relief would be addressed at the conclusion of the litigation.